UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES FICHER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-6373** |
| **BURL CAIN** | **SECTION: "N"(5)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** due to petitioner's failure to exhaust his state court remedies.

I.  **PROCEDURAL HISTORY**

Petitioner, Charles Ficher,[1] is a state prisoner who is

---

[1]In connection with his state direct appeal proceedings, petitioner's last named is spelled "Fisher".  However, in connection with most of petitioner's state post-conviction proceedings, his last name is spelled "Ficher".  In connection with the instant habeas action, petitioner uses "Fisher" as the spelling of his last name in only one pleading (rec. doc. 11). In all other federal pleadings, petitioner has used "Ficher" for

currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On October 26, 1993, petitioner was convicted of second degree murder after trial, by jury, in the Criminal District Court for the Parish of Orleans, State of Louisiana.  On November 9, 1993, petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.  On January 19, 1995, petitioner's conviction and sentence were affirmed by the Louisiana Fourth Circuit Court of Appeal.  State v. Fisher, No. 94-KA-0191, 648 So.2d 52 (La. App. 4 Cir. 1995) (table).[2]  On June 16, 1995, petitioner's writ application was denied by the Louisiana Supreme Court.  State v. Ficher, 655 So.2d 341 (La. 1995).  Petitioner's conviction became final ninety days later, on September 15, 1995, when the ninety-day period for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made.  See U.S. Sup. Ct. R. 13(1); see also Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000) (citing 28 U.S.C. §2244(d)(1)(A)), and Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

On October 22, 1996, petitioner filed an application for

---

his last name.  As such, "Ficher" is the spelling which this court shall employ.

[2]A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 1 of 2.

2

state post-conviction relief,[3] arguing that counsel was ineffective due to his failure to present certain witnesses at trial and failure to request a particular jury instruction.[4]  On or about May 28, 2003, petitioner, having failed to receive a ruling from the state district court with respect to his post-conviction application, filed a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal, seeking to have the state appellate court order the state district court to adjudicate his pending post-conviction application.[5]  On June 23, 2003, the state appellate court issued a decision wherein, "[i]n the interest of judicial economy," the court considered the merits of petitioner's pending post-conviction application and determined that petitioner was "not entitled to relief." Further, in light of its adjudication on the merits of petitioner's post-conviction application, the Louisiana Fourth Circuit denied petitioner's request for a writ of mandamus as moot.  State v. Ficher (Fisher), No. 2003-K-0964 (La. App. 4 Cir.

---

[3]In his federal habeas corpus application (rec. doc. 3), petitioner represents that he filed his application for post-conviction relief on June 16, 1998.  However, in a later pleading (rec. doc. 5), petitioner explained that the June 16, 1998 date was incorrect, that he actually filed his petition in October, 1996.  This fact is verified by a copy of an affidavit, attached to petitioner's post-conviction application, reflecting that he swore to the veracity of the contents of his post-conviction application on October 22, 1996.

[4]A copy of petitioner's post-conviction application is contained in the State rec., vol. 2 of 2.

[5]A copy of petitioner's May, 2003 mandamus application is contained in the State rec., vol. 2 of 2.

2003) (unpublished decision).[6]  In connection with the state appellate court's June 23, 2003 denial of post-conviction relief, petitioner filed a writ application with the Louisiana Supreme Court.  On August 20, 2004, the state high court denied petitioner's writ application.  State ex rel. Ficher v. State, No. 2003-KH-2071, 882 So.2d 564 (La. 2004).

In September, 2004, petitioner filed with the Louisiana Fourth Circuit Court of Appeal a second application for writ of mandamus, again complaining that the state district court had failed to issue a ruling on his post-conviction claim that counsel was ineffective for failing to present certain witnesses to testify at trial and failing to request a limiting jury instruction.[7]  On September 27, 2004, the Louisiana Fourth Circuit, noting that petitioner, pursuant to his second writ of mandamus, was seeking relief in connection with the same post-conviction application which the court had earlier rejected, denied petitioner's writ application "as repetitive".  State v. Ficher, No. 2004-K-1587 (La. App. 4 Cir. 2004) (unpublished decision).[8]  On August 19, 2005, the Louisiana Supreme Court

---

[6]A copy of the Louisiana Fourth Circuit's unpublished decision is contained in the State rec., vol. 2 of 2.

[7]A copy of petitioner's second writ of mandamus is contained in the State rec., vol. 2 of 2.

[8]A copy of the state appellate court's September 27, 2004 unpublished decision is contained in the State rec., vol. 2 of 2.  In its decision, the state appellate court refers to petitioner's post-conviction application as having been "filed in June of 1998" since petitioner, in his second application for writ of mandamus, represents: "On June 16, 1998, Petitioner filed a

4

rejected petitioner's writ application, providing: "Denied. Moot.  The court of Appeal has acted."  State ex rel. Ficher v. State, No. 2004-KH-2820, 908 So.2d 663 (La. 2005).

On October 6, 2005, petitioner filed the instant federal habeas corpus action (rec. doc. 3).  In its Response (rec. doc. 10), the State argues that the instant petition is subject to dismissal on the basis of untimeliness and because petitioner, with respect to two of his habeas claims, has failed to exhaust his remedies as required under Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  For the reasons set forth below, the court finds that the instant action was timely filed, but is nevertheless subject to dismissal due to petitioner's failure to exhaust his state court remedies.

**II.  ANALYSIS**

    **A.  Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as codified at §2244(d), generally provides that prisoners like petitioner must file their habeas petitions within

---

timely application for post conviction relief in the Criminal District Court...."  In actuality, petitioner filed his first, and only, application for post-conviction relief with the state district court in October, 1996.  Additionally, in its September 27, 2004 unpublished decision, the state appellate court mistakenly refers to its first decision denying petitioner post-conviction relief as No. 2003-K-0364, but the correct number is 2003-K-0964.

one year of the date that their convictions become final.[9]  In this case, petitioner's conviction became final on September 15, 1995, ninety days following the Louisiana Supreme Court's June 16, 1995 denial of relief in connection with his direct appeal. Thus, petitioner had a year from September 15, 1995, or until September 15, 1996, to timely seek federal habeas corpus relief.

However, the United States Fifth Circuit has held that, for a prisoner such as Ficher, whose conviction became final prior to the AEDPA's effective date of April 24, 1996, a one-year grace period, from April 24, 1996 until April 24, 1997, must be allowed during which a petitioner could timely file a federal habeas challenge.  Flanagan v. Johnson, 154 F.3d 196, 201-02 (5th Cir.

---

[9] 28 U.S.C. §2244(d) provides, in pertinent part:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1998). Accordingly, petitioner had until April 24, 1997, to timely seek federal habeas corpus relief.

Petitioner did not file the instant action until October 6, 2005, over eight years after his limitation period expired. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. §2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The State bases its claim, that the instant action is untimely, on petitioner's representation, as set forth in his habeas application (rec. doc. 3), that he did not seek state post-conviction relief, thereby interrupting prescription, "until June 16, 1998, nearly 14 months after the deadline for filing a federal habeas petition."[10] However, as noted above, June 16, 1998 is not the date on which petitioner first sought post-conviction relief. Instead, the correct date is October 22, 1996.[11]

Employing October 22, 1996 as the date when petitioner, by virtue of filing a post-conviction application, tolled

---

[10]See rec. doc. 10, State's Response at p. 3 (footnote omitted).

[11]See discussion supra at p. 3.

prescription, only 178 days of petitioner's 365-day prescriptive period expired.  Thereafter, petitioner allowed much less than his 187 remaining days to expire before filing the instant federal habeas action.[12]  Accordingly, petitioner's application for habeas corpus relief is not time-barred.

**B.   Exhaustion**

It is well-established that a petitioner must exhaust his available state court remedies before proceeding to federal court for habeas relief.  28 U.S.C. §2254 (b)(1)-(3); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner.  Dupuy v. Butler, 837 F. 2d 699, 702 (5th Cir. 1988).

In the instant action, petitioner raises the following

---

[12]Generally, a writ of mandamus, like a motion for a transcript, is considered to be preliminary in nature and, therefore, insufficient for purposes of interrupting prescription.  See Boyd v. Ward, 2001 WL 533221, *4 (E.D. La. 2001) ("Although Boyd had, in the interim, litigated his entitlement to a free copy of his guilty plea and sentencing transcript through the state court system, the Court does not believe that those proceedings qualify as '...application[s] for State post-conviction or other collateral review...' so as to toll the limitation period under §2244(d)(2) because they were preliminary in nature and did not directly call into question the validity of Boyd's conviction or sentences.")  See also Brisbon v. Cain, No. 99- 3078, 2000 WL 45872, *2 (E.D. La. Jan. 18, 2000). However, in this case, petitioner's substantive post-conviction claim of ineffective assistance of counsel, which directly challenged the validity of his conviction, was raised before and ruled upon by the Louisiana Fourth Circuit and Louisiana Supreme Court by virtue of petitioner's writs of mandamus.  Accordingly, the court finds that petitioner's writs of mandamus did, in fact, toll prescription.

8

claims:  1) He was denied a fair trial due to prosecutorial misconduct; 2) His conviction was based on insufficient evidence; 3) He received ineffective assistance of counsel based upon counsel's failure to present witnesses on his behalf and failure to have the district judge provide a "limiting instruction" to jurors regarding the proper use of prior inconsistent statements; and, 4) The grand jury indictment issued against him was unconstitutionally obtained.

With respect to claim 2), insufficiency of evidence, the State admits that petitioner has exhausted his state court remedies.  Petitioner raised claim 2) in connection with his direct appeal and took the issue to the Louisiana Supreme Court via writ application No. 95-KO-0476.

Similarly, the State admits that petitioner has exhausted his state court remedies with regard to claim 3), ineffective assistance of counsel.  Petitioner raised claim 3) in connection with his post-conviction application and took the issue to the Louisiana Supreme Court via writ application No. 2003-KH-2071.

With respect to claim 1), prosecutorial misconduct, petitioner originally raised said claim in connection with his direct appeal.  However, the Louisiana Fourth Circuit Court of Appeal specifically declined "to consider this issue on appeal", advising that "[d]efendant may raise his claim in an application for post-conviction relief."[13]   Petitioner admits, and a review

---

[13] See State rec., vol. 1 of 2, Fisher, No. 94-KA-0191 at p. 4.

of the pertinent record confirms, that despite the appellate court's directive, petitioner's "claim of prosecutorial misconduct" was not presented in his "application for post conviction relief".[14]  As such, petitioner has clearly failed to exhaust his state court remedies with respect to claim 1).

With regard to claim 4), an unconstitutionally empaneled grand jury, the State provides that the claim appears to be "raised for the first time in the instant petition."[15] Petitioner, however, states that the claim was submitted in a "supplemental brief" for post-conviction relief which he had submitted "[b]y the time the second petition for mandamus was filed".[16]

This court's review of the pertinent record has uncovered no supplemental brief for post-conviction relief nor has petitioner provided the court with such a brief.  Further, a review of the pleadings petitioner filed with the Louisiana Fourth Circuit and the Louisiana Supreme Court in connection with his second petition for writ of mandamus make no mention of any claim that the grand jury which indicted him was unconstitutionally empaneled.  Specifically, the "Application for Writ of Mandamus", No. 2004-K-1587, which petitioner filed with the Louisiana Fourth

---

[14]See rec. doc. 11, petitioner's "Traverse to Respondent's Brief" at p. 1.

[15]See rec. doc. 10, State's Response at p. 4.

[16]See rec. doc. 11, petitioner's "Traverse to Respondent's Brief" at p. 2.

10

Circuit in September, 2004, makes reference only to petitioner's claim that counsel was ineffective by virtue of his failure to present witnesses on petitioner's behalf and his failure to have the judge give a limiting instruction to jurors regarding the proper use of prior inconsistent statements.[17]  Similarly, petitioner's "Application for Writ of Mandamus", No. 04-KH-2820, which petitioner filed with the Louisiana Supreme Court in October, 2004, contains no reference to a post-conviction claim regarding an unconstitutionally empaneled grand jury.  Instead, petitioner's second application to the Louisiana Supreme Court for a writ of mandamus is limited to his ineffective assistance of counsel claim.[18]

Finally, in support of his assertion that he has exhausted his state court remedies, petitioner states that he presented his "claim of an invalid indictment" to "the courts of appeal of the state in docket numbers 2003-KH-2071 and 2004-KH-2820."[19]  However, as set forth above, in docket number 2004-KH-2820, petitioner's second writ of mandamus application to the Louisiana Supreme Court, no mention is made of any challenge to the veracity of petitioner's indictment.  Similarly, in docket number 2003-KH-2071, petitioner's first writ of mandamus application to

---

[17] See State rec., vol. 2 of 2, petitioner's writ application in 2004-K-1587 at p. 1.

[18] See State rec., vol. 2 of 2, petitioner's writ application in 2004-KH-2820 at p. 1.

[19] See rec. doc. 11, petitioner's "Traverse to Respondent's Brief" at p. 2.

the Louisiana Supreme Court, the only post-conviction claim to which petitioner refers is his ineffective assistance of counsel claim.[20]

In a situation such as this, where a petitioner presents a "mixed" habeas corpus petition, i.e., one containing both exhausted and unexhausted claims, the requirement, under Lundy, supra, that all habeas claims be fully exhausted, coupled with the one-year statute of limitations imposed under Section 2244(d)(1) of the AEDPA, can cause prescription problems. Such a problem arose in Rhines v. Weber, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533, 161 L.Ed.2d 440 (2005), wherein the Supreme Court observed:

> As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review.

While an obvious remedy to the above-described problem is for a federal court to stay a petitioner's habeas action until he exhausts his state court remedies, the Court warned against the wholesale embrace of such an approach, noting that the dual purpose of the AEDPA, enacted "against a backdrop of Lundy's total exhaustion requirement", is reducing the potential for

---

[20] See State rec., vol. 2 of 2, petitioner's writ application in 2003-KH-2071 at p. 1.

delay in finalizing state court judgments and encouraging litigants to bring all their claims to state court before bringing them to federal court.  Rhines, 544 U.S. at 276-77, 125 S.Ct. at 1534.  The Court warned that staying federal habeas corpus petitions and holding them in abeyance, "if employed too frequently, has the potential to undermine [the above-described] twin purposes", explaining:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Rhines, 544 U.S. at 277, 125 S.Ct. at 1534.  With this in mind, the Court decreed:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, **stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court**.  [Emphasis added.]

Rhines, 544 U.S. at 277, 125 S.Ct. at 1535.

Having reviewed the pertinent pleadings and state court record, the court finds no good cause excusing petitioner's failure to exhaust his state court remedies.

Accordingly;

### **RECOMMENDATION**

It is hereby **RECOMMENDED** that the petition of Charles Ficher

for issuance of a writ of habeas corpus under 28 U.S.C. §2254 be **DISMISSED** without prejudice for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F. 3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 17th day of   October  , 2008.


_____
ALMA L. CHASEZ
United States Magistrate Judge