UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES FICHER                                              CIVIL ACTION

VERSUS                                                      NO. 05-6373

BURL CAIN                                                   SECTION "N"(5)

ORDER AND REASONS

The Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, along with petitioner's objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter with the following modification.

With regard to petitioner's claim 4), that the grand jury which indicted him was unconstitutionally empaneled, the State, in its Response (rec. doc. 10, p. 4), provides that the claim appears to be "raised for the first time" in petitioner's federal habeas application. Petitioner, in his Traverse (rec. doc. 11, p. 2), counters that the claim was raised in "a supplemental brief" for post conviction relief. The Magistrate Judge, in her Report and



Recommendation (rec. doc. 12, p. 10), provides: "This court's review of the pertinent record has uncovered no supplemental brief for post-conviction relief nor has petitioner provided the court with such a brief." Petitioner, in his Objection (rec. doc. 13, p. 1), counters that his unconstitutionally empaneled grand jury claim was "submitted in a supplemental brief to the Criminal District Court for the Parish of Orleans...." Attached to petitioner's Objection is a pleading, "Memorandum in Support of Application for Post Conviction Relief", which petitioner allegedly filed with the "Orleans Criminal District Court". A review of said pleading reveals that it contains petitioner's argument that the grand jury which indicted him was unconstitutionally empaneled.

It is well-established that a petitioner must exhaust his available state court remedies before proceeding to federal court for habeas relief. 28 U.S.C. §2254(b)(1)-(3); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F. 2d 699, 702 (5th Cir. 1988).

While petitioner, by virtue of his "Memorandum in Support of Application for Post Conviction Relief", may have raised his unconstitutionally empaneled grand jury claim before the Criminal District Court for the Parish of Orleans, petitioner's action in

this regard is insufficient to satisfy the above-described exhaustion requirement. In order to satisfy said requirement, petitioner must have raised, in a procedurally proper manner, said claim before the state's highest court, the Louisiana Supreme Court. Accordingly;

**IT IS ORDERED** that the petition of Charles Ficher for issuance of a writ of habeas corpus under 28 U.S.C. §2254, is hereby **DENIED WITHOUT PREJUDICE** due to petitioner's failure to exhaust his state court remedies.

New Orleans, Louisiana, this 19th day of November, 2008.

UNITED STATES DISTRICT JUDGE